UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

GARY HOUGHMASTER,

                              Plaintiff,

        v.                                                    5:17-CV-1328
                                                                 (FJS/ATB)

UNITED STATES OF AMERICA,

                              Defendant.

_____


APPEARANCES                                    OF COUNSEL

SYRACUSE UNIVERSITY COLLEGE OF LAW             ROBERT G. NASSAU, ESQ.
OFFICE OF CLINICAL LEGAL EDUCATION
Dineen Hall, Suite 200Q
950 Irving Avenue
Syracuse, New York 13244
Attorneys for Plaintiff

U.S. DEPARTMENT OF JUSTICE --                  ARIE M. RUBENSTEIN, ESQ.
TAX DIVISION
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044
Attorneys for Defendant

SCULLIN, Senior Judge

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

        Gary Houghmaster ("Plaintiff") brings this action against the United States of America

("Defendant") seeking a refund in the amount of $13,165.89 that he claims was wrongly

withheld from his taxes.  *See generally* Dkt. No. 1, Complaint.  Defendant has moved to dismiss

some of the claims in the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal

Rules of Civil Procedure. *See generally* Dkt. No. 11. Specifically, Defendant has moved to dismiss (1) Plaintiff's claim for a $5,006.00 refund from the 2012 tax year, and (2) Plaintiff's claim for a $4,466.00 earned income credit from the 2015 tax year.[1] *See generally* Dkts. No. 11, 14.

## II. BACKGROUND

Plaintiff alleges that he timely filed his 2012 federal income tax return (Form 1040) (the "Original 2012 Return") by April 15, 2013. In that return, Plaintiff reported income tax liability of $0 and self-employment tax liability of $1,885. Plaintiff also claimed an earned income credit of $5,891 and an additional child tax credit of $1,000. Therefore, Plaintiff's Original 2012 Return claimed a refund of $5,006 ($6,891 refundable credits, less 1,885 in self-employment tax), which he never received.

The Internal Revenue Service ("IRS") audited Plaintiff after he filed his Original 2012 Return. On November 25, 2013, the IRS assessed that Plaintiff owed a tax liability on his 2012 return and denied Plaintiff's claim for a refund. On March 10, 2014, the IRS applied $79.62 of Plaintiff's 2013 income tax refund against his outstanding 2012 tax liability. The next year, on February 16, 2015, the IRS applied $3,189.89 of Plaintiff's 2014 income tax refund against his outstanding tax liability. These payments, totaling $3,269.51, satisfied all of Plaintiff's tax liability for 2012, including penalties and interest.

---

[1] Defendant initially moved to dismiss the complaint in its entirety but respectfully withdrew its arguments for all but these claims in its Reply. *See generally* Dkt. No. 11-1, Def.'s Memorandum in Support; *see also* Dkt. No. 14, Def.'s Reply, at 3. Therefore, these two claims are the only ones that the Court addresses in this Memorandum-Decision and Order.

On February 8, 2017, Plaintiff filed an Amended U.S. Individual Income Tax Return for 2012 using Form 1040X ("Amended 2012 Return").[2] Plaintiff's Amended 2012 Return averred that his Original 2012 Return was correct as filed; and, therefore, he sought a refund of $8,275.51 ($5,006 claimed on his Original 2012 Return, plus $3,269.51 paid in 2012 tax liability). The IRS denied Plaintiff's claim for a refund on July 25, 2017.

Additionally, Plaintiff alleges that he timely filed his federal income tax return (Form 1040) for the 2015 calendar year. In that return, he claimed an income tax liability of $0, a $4,466 earned income credit, and a $1,039 additional child tax credit. Based on these credits and liabilities, and as a result of $36 of income tax withholding, Plaintiff's 2015 Return claimed a refund of $5,541, which he never received. Subsequent to filing his 2015 Return, the IRS audited Plaintiff's return and proposed to disallow his dependency exemptions, earned income credit, and additional child tax credit.

Based on these allegations, Plaintiff filed the complaint in this action on December 8, 2017, pursuant to the Internal Revenue Code, to recover federal income taxes paid for the 2012 and 2015 calendar years. *See generally* Dkt. No. 1.

## III. DISCUSSION

### A. Legal standards

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the

---

[2] Defendant also refers to this as Plaintiff's "administrative claim" for a refund.

evidence that it exists." *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)). "Indeed, a challenge to the jurisdictional elements of a plaintiff's claim allows the Court 'to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 289 F. Supp. 2d 392, 399 (S.D.N.Y. 2003) (quotations and other citation omitted), *aff'd*, 403 F.3d 76 (2d Cir. 2005).

Furthermore, a motion to dismiss pursuant to Rule 12(b)(6) "challenges only the 'legal feasibility' of a complaint." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 558 (2d Cir. 2016) (quoting *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544,] 570, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations … a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] …" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). When making its decision, this court must "accept all well-pleaded facts as true and consider those facts in the light most favorable to the plaintiff." *Chapman v. N.Y. State Div. for Youth*, 546

F.3d 230, 235 (2d Cir. 2008) (citing *Patane v. Clark*, 508 F.3d 106, 111 (2d Cir. 2007) (per curiam)).

### B. Plaintiff's 2012 claim for $5,006.00

Defendant argues that Plaintiff's claim for a $5,006.00 refund from the 2012 tax year is barred by the statute of limitations set out in the "look-back" periods, and thus fails to meet the statutory requirement for waiving sovereign immunity.

"It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued …, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 769-70, 85 L. Ed. 1058 (1941)). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Id.* (quoting *United States v. King*, 395 U.S. 1, 4, 89 S. Ct. 1501, 1503, 23 L. Ed. 2d 52 (1969)). Furthermore, a court must strictly interpret a statute that unequivocally consents for the government to be sued. *See United States v. Sherwood*, 312 U.S. 584, 590 (1941).

Congress has waived sovereign immunity for tax refund suits by including the following provision in the Internal Revenue Code:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected … until a claim for refund or credit has been *duly filed* with the [Treasury] Secretary, according to the provisions of law in that regard, and the regulations of the [Treasury] Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (emphasis added); *see also Estate of Kirsch v. United States*, 265 F. Supp. 3d 315, 320 (W.D.N.Y. 2017).

Absent compliance with these regulations, "there is no waiver of sovereign immunity,

and, therefore, no subject-matter jurisdiction." *Estate of Kirsch*, 265 F. Supp. 3d at 320 (citing

*Kirsch v. United States*, 258 F.3d 131, 132 (2d Cir. 2001)) (other citations omitted).

"'Duly filed' has been defined as filing a claim within the statute of limitations." *Kirsch v.*

*United States*, 131 F. Supp. 2d 389, 391 (S.D.N.Y. 2000), *aff'd*, 258 F.3d 131 (2d Cir. 2001)

(citation omitted). This means that, after a taxpayer is denied a claim for a refund made on his

1040 tax return form, he must file a new claim, called an "administrative claim," with the

Treasury Secretary before filing suit.[3] The taxpayer must file the administrative claim for his

refund "within 3 years from the time the return was filed or 2 years from the time the tax was

paid, whichever of such periods expires the later[.] …" 26 U.S.C. § 6511(a). Taxes that are

withheld are deemed to have been paid on April 15th of the year following the year in which

they were withheld. *See* 26 U.S.C. § 6513(b)(1); *see also, e.g.*, *Estate of Kirsch*, 265 F. Supp.

3d at 320; *Israel v. United States*, 356 F.3d 221, 226 (2d Cir. 2004).

If the taxpayer makes the filing deadline by filing his administrative claim within three

years from the time he filed his return, then he is entitled to a refund of "the portion of the tax

paid within the period, immediately preceding the filing of the claim, equal to 3 years[.] …" 26

U.S.C. § 6511(b)(2)(A). If the taxpayer files the administrative claim, but does not do so within

the three-year period, then he is entitled to a refund only to "the portion of the tax paid during

---

[3] "[A] ground for recovery of taxes may not be asserted in a suit for refund unless an *administrative claim* setting forth that ground has been first submitted to the IRS … The purposes of this requirement are 'to prevent surprise and to give adequate notice to the [IRS] of the nature of the claim and the specific facts upon which it is predicated, thereby permitting an administrative investigation and determination[.] … In addition, the Commissioner is provided with an opportunity to correct any errors, and if disagreement remains, to limit the scope of any ensuing litigation to those issues which have been examined and which he is willing to defend.'" *Envt'l Defense Fund v. United States*, No. 91 CIV. 7232(MCG), 1997 U.S. Dist. LEXIS 7593, *14 (S.D.N.Y. June 2, 1997) (quoting *Union Pacific Railroad Co. v. United States*, 182 Ct. Cl. 103, 389 F.2d 437, 442 (Ct. Cl. 1968)) (emphasis added) (internal and other citations omitted).

the 2 years immediately preceding the filing of the [administrative] claim." 26 U.S.C. § 6511(b)(2)(B). These are known as "look-back" periods.

As applied to this case, this means that, after the IRS denied Plaintiff's claim for a refund in his Original 2012 Return on November 25, 2013, Plaintiff had three years from the time his return was filed (the same day that the tax was paid) to file an administrative claim with the Treasury Secretary. Thus, because Plaintiff's return was deemed timely filed on April 15, 2013, he needed to file an administrative claim by April 15, 2016, to receive the benefit of the three-year look-back period.

Instead, Plaintiff filed an Amended 2012 Return, using Form 1040X, which in effect, was his administrative claim to the Treasury Secretary announcing his request for a refund on February 8, 2017, nine months and twenty-four days after the filing deadline.[4] In other words, because Plaintiff filed his administrative claim more than three years after he filed his return, Plaintiff's claim falls under the two-year look-back period in 26 U.S.C. § 6511(b)(2)(B).

Under the two-year look-back period, Plaintiff is only entitled to the portion of the tax paid from February 8, 2015, until February 8, 2017. As the parties seem to concede, this two-year look-back period covers Plaintiff's refund claim for his February 15, 2016 tax liability payment of $3,189.89 but not his March 10, 2014 payment of $79.62. Furthermore, because the two-year look-back rule applies, Plaintiff cannot recover the $5,006 he believes he is owed as a refund stemming from his Original 2012 Return because that claim is time-barred.

_____

[4] Based on the language of § 6511 (which requires that a refund claim is filed *after* a tax return is filed) and the caselaw (explaining the Congressional intent behind the administrative claim), it appears that Plaintiff's Original 2012 Return could not have been his administrative claim for a refund.

Thus, the Court finds that, because the waiver of sovereign immunity for tax refund suits is subject to a strictly construed statute-of-limitations requirement – and no refund suit may proceed unless the taxpayer filed a timely administrative claim – sovereign immunity is not waived for Plaintiff's time-barred claim. Therefore, the Court finds that, because sovereign immunity is not waived, the Court does not have subject-matter jurisdiction over Plaintiff's 2012 refund claim for $5,006, and grants Defendant's motion to dismiss this claim.

### C. Plaintiff's 2015 claim for $4,466.00

Defendant argues that Plaintiff's claim for a $4,466.00 earned income credit from the 2015 tax year failed to comply with the IRC's antifraud provision, 26 U.S.C. § 32(k)(2). Section 32(k)(2) states, "In the case of a taxpayer who is denied credit under this section for any taxable year as a result of the deficiency procedures under subchapter B of chapter 63 [26 U.S.C. §§ 6211 *et seq.*], no [earned income] credit shall be allowed under this section for any subsequent taxable year unless the taxpayer provides such information as the [Treasury] Secretary may require to demonstrate eligibility for such credit." 26 U.S.C. § 32(k)(2). That information is submitted to the IRS via Form 8862.

Plaintiff did not allege in his complaint that he submitted a Form 8862 to the IRS. Although he later notified the Court that he had filed an Amended 2015 Return with all appropriate forms, including Form 8862, Plaintiff must still plead in his complaint that he met this necessary requirement to bring suit. Thus, the Court grants Defendant's motion to dismiss Plaintiff's complaint, *without prejudice*, so that he may amend it to include this information. Notably, Form 8862 pertains *only* to the earned income credit, and Plaintiff does not need to make changes to his 2015 claim for $1,075 based on the additional child tax credit and improperly withheld income.

## IV. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss Plaintiff's claim for a refund of $5,006.00 from the 2012 tax year, *see* Dkt. No. 11, is **GRANTED WITH PREJUDICE**; and the Court further

**ORDERS** that Defendant's motion to dismiss Plaintiff's claim for a refund of an earned income credit in the amount of $4,466.00 from the 2015 tax year, *see* Dkt. No. 11, is **GRANTED WITHOUT PREJUDICE** and with leave to amend the complaint to include the allegation that he submitted a Form 8862 and has thus complied with the Internal Revenue Code's antifraud provision. Plaintiff must file any such amended complaint within **ten days** of the date of this Memorandum-Decision and Order;[5] and the Court further

**ORDERS** that this case is referred to Magistrate Judge Baxter for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: January 15, 2020
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

---

[5] Plaintiff's amended complaint should not include any claim for a refund that this Court has dismissed with prejudice.